Steamboat Kentucky v. Brooks.

STEAMBOAT KENTUCKY v. BROOKS *et al.*

A complaint against a boat, under the statute, should aver, in substance, that it was navigating the waters of the state at the time of the liability; but it is sufficient, after pleading over, if the complaint allege that the contract was made at a town within the state by the master or clerk of the boat.

By pleading, the defendant waives all objection to the overruling of his demurrer, especially where the defects are not substantial.

A boat is liable, under the statute, for the use of a barge.

A remedial statute should be so construed as to meet most effectually the beneficial end in view, and prevent a failure of the remedy intended.

ERROR, *to Lee District Court.*

*Geo. C. Dixon* and *C. Walker,* for the plaintiff in error.

*H. T. Reid,* for the defendant.

*Opinion by* GREENE, J. This suit was commenced in the district court, by the defendants in error, against the steamboat Kentucky, for the use of a barge. The proceedings were commenced under an act to provide for the collection of demands against boats and vessels. *Rev. Stat.* 101.

The first error assigned is, that the court overruled the demurrer to the complaint. The objection to the complaint is, that it contains no averment that the boat was navigating the waters of the state at the time of the liability. The act referred to, extending its provisions only to that class of boats, it is claimed very properly that the complaint should contain that averment. But it does allege that the contract for the use of the barge was made at Bloomington, in this state; and that the barge was lying at a wharf in the state at the time it was hired by the master and clerk of the steamboat. This, though informal, we think is sufficient in substance. It comes within that class of defects which cannot be taken advantage of after pleading over. The practice is well settled in this court, that the defendant waives all objection to the overruling

of the demurrer by pleading over; especially when the defects to the pleadings demurred to are not substantially material. *Moore* v. *Ross,* Morris, 401.

The only other question involved in this case, arising from the instructions given and refused, is, whether the use of a barge, under circumstances to be determined by a jury, can be recognized as a supply for the use or material furnished for fitting out or equipping a boat within the meaning and legal construction of the statute. It is contended that the language contemplates such materials and supplies only as are embraced within and constitute a portion of the boat itself. The language of the act, though more directly embracing them, is not exclusively confined to such materials and supplies. We cannot believe that the mind of the legislature in enacting the law was not particularly directed to a recovery against the boats for all such "materials, supplies, fitting out, and equipping," as are necessary, and procured to enable them to carry out their appropriate operations. The evident object of the act was to extend protection and security to those of our citizens who deal with and give credit to the boats, and to secure for the boats the confidence of those with whom they deal. Very few of the boats navigating our rivers are built within the limits of the state, and very few of the materials for their construction are furnished by our citizens. But much is done by a large portion in furnishing steamboats with barges, lighters, labor, and other supplies and equipage to aid them in their voyages, and to enable them to carry out their appropriate business engagements in carrying freight and passengers. The necessity for such a remedy, in yielding protection to the people, and extending confidence in the boats, shows that the manifest intention of the legislature in making the statute was, to enable parties to hold the boats as liable for articles furnished, or services rendered, in their business of navigation and transportation, as in their construction and repairs. Any other construction, we think, would be inconsistent with the evident object and language of the statute, and work great

injustice to parties who have relied upon this view of the law.

In navigating our rivers at a low stage of water, barges and lighters may become an essential part of the outfit and equipping of boats. Without them, they might not only be seriously retarded in the progress of their trips, but often rendered useless in transporting freights to their destined ports.

A remedial statute like this should be so construed as to meet most effectually the beneficial end in view, and to prevent a failure of the remedy intended.

From a careful examination of the instructions given and refused in the court below, we can see no error sufficiently material to justify a reversal.

Judgment affirmed.